```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

RAYMOND AMERSON,              )
                              )
          Petitioner,         )
                              )
     v.                       )    No. 4:09-CV-1344-CDP
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of Raymond Amerson's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment and Conviction" [Doc. #1].

**Background**

Raymond Amerson is a federal prisoner at the United States Penitentiary in Leavenworth, Kansas. He is serving a life sentence following his 1993 jury conviction for racketeering and other crimes. See United States v. Lewis, No. 4:91-CR-1-CDP (E.D.Mo.).

In March 1997, Raymond Amerson filed a motion for relief under Rule 33, which this Court construed as a § 2255 habeas motion and denied. United States v. Lewis, No. 4:91-CR-1-CDP (E.D.Mo.). The Eighth Circuit Court of Appeals denied Amerson's application for a certificate of appealability and dismissed the appeal. Amerson Bey v. United States, No. 01-1429 (8th Cir. 2001). On September 6, 2002, Raymond Amerson filed a motion under "the Rules of Criminal Procedure, Rule 47 and the Applicability of Criminal Rules 12(b)(2)." On November 13, 2002, after reclassifying the motion as

a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, this Court denied the motion as time barred and successive. Amerson Bey v. United States, No. 4:02-CV-1396-CDP (E.D.Mo.).

**Discussion**

**A. Petition under 28 U.S.C. § 2241**

Petitioner seeks relief from his conviction and sentence on the ground that this Court "lacked jurisdiction to proceed on this case because it never had subject matter jurisdiction, is not an Article III court, and violated Due Process and its ministerial duty by failing to make specific findings of fact and law in this case."

Because petitioner is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by a § 2255 motion is inadequate or ineffective. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because § 2255 relief has already been denied. Id. As such, the Court will dismiss the instant § 2241 petition.

**B. Petition construed as a motion under 28 U.S.C. § 2255**

The Court will reclassify the instant petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court determines that it is not required to provide Raymond Amerson an opportunity either to consent to the reclassification or to withdraw his motion, see United States v. Morales, 304 F.3d 764 (8th Cir. 2002), because unlike the facts in Morales, the motion at bar is Amerson's third § 2255 motion, not his first. Cf. United States v. Patton, 309 F.3d 1093 (8th Cir. 2002)(affirming denial of purported Rule 12(b)(2) motion that actually was a second or successive § 2255 motion, without employing Morales procedure); Boyd v. United States, 304 F.3d 813 (8th Cir. 2002)(where prior § 2255 motion had been denied, Morales procedure was not required before dismissal of motion that amounted to second or successive § 2255 motion). Moreover, because the instant motion is successive, and appears to be untimely as well, providing Raymond Amerson a Morales-type warning and an opportunity to withdraw his motion would be of no avail to him.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court

of appeals for an order authorizing the district court to consider the application."

Because Raymond Amerson did not obtain permission from the Eighth Circuit Court of Appeals to maintain a successive § 2255 motion in this Court, the Court lacks authority to grant him the relief he seeks. The procedure dictated in Boyd allows the Court either to deny a successive motion or to transfer it to the Court of Appeals, and the Court believes that denial is appropriate in the instant case.

Therefore,

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the instant petition for habeas corpus relief is **DENIED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of November, 2009.

_____
**CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE**